IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. BK20-81097-BSK |
| | ) | |
| CLAUDIA JOSEFINA NEWTON FRAUSTO and EDUARDO TEODULO TORRES, | ) ) ) | Chapter 7 |
| | ) | |
| Debtors. | ) ) | |

**Order Granting Motion for Turnover**

The trustee seeks turnover of a 2020 Hyundai Palisade titled solely in the debtors' names. (Doc. #79). The debtors contend they hold bare legal title to the vehicle and the beneficial interest is not property of their bankruptcy estate. (Doc. #81). Patrick Patino appeared for the debtors Claudia Josefina Newton Frausto and Eduardo Teodulo Torres. James Overcash appeared as Chapter 7 trustee. Evidence was received as set forth in Doc. #85. The parties declined the opportunity for a further evidentiary hearing.

Because the court cannot recognize a resulting trust in a motor vehicle under Nebraska law and because the debtors did not establish a resulting trust by clear and convincing evidence, the trustee's motion is granted.

**Findings of Fact**

The debtors filed their case as a Chapter 11, Subchapter V case on September 9, 2020. (Doc. #1). The case was converted to Chapter 7 on January 19, 2021. (Doc. #63).

Veronica Torres is the sister of debtor Eduardo Torres. She resides in Mexico. On January 27, 2020, Ms. Torres transferred $42,970 to the debtors' checking account to "facilitate the purchase of the vehicle for her prior to her coming to the United States" for medical treatment. On January 27, 2020, and January 28, 2020, Mr. Torres wrote two checks to the dealership totaling $36,000. He used the remaining $6,970 to pay taxes and licensing fees for the vehicle and to pre-pay costs of Ms. Torres' medical care. The debtors personally financed $11,299 of the unpaid purchase price, but Ms. Torres has paid all monthly payments to the financing company. As of the filing date, the vehicle remains subject to a lien in the amount of $11,027.21. Ms. Torres has never taken possession of the vehicle. It is currently with a family friend in Dallas, Texas. Although Ms. Torres was initially delayed in taking possession because of the Covid-19 pandemic, she intends to take possession.

There is no written agreement between the debtors and Ms. Torres regarding the vehicle or the funds. Mr. Torres did not intend the funds to be a gift. He intended to use the funds to purchase a motor vehicle for his sister. The parties stipulated that Ms. Torres

1

would testify she did not intend the funds or the vehicle to be a gift, and the vehicle "was and is her vehicle even though Debtor's name is the only one on the title because she paid for the vehicle and has made payments on the loan."

The Retail Installment Sale Contract attached to the finance company's proof of claim indicates that the debtors contracted to purchase the vehicle on January 21, 2020, six days before they received funds from Ms. Torres. Both debtors' names are listed on the purchase agreement. The debtors contracted to pay the amount financed. Ms. Torres did not. A certificate of title was issued on February 18, 2020. Only the debtors' names are listed on the title.

### Conclusions of Law

Any equitable interest Ms. Torres asserts in the vehicle cannot defeat the trustee's powers under 11 U.S.C. § 544. This court previously refused to recognize the equitable ownership interest of a non-debtor whose name is not noted on a motor vehicle's certificate of title. *See In re Farrell*, Case No. BK19-80282, 2019 Bankr. LEXIS 1949 (Bankr. D. Neb., June 28, 2019). However, in *Farrell* Judge Saladino left open the issue of whether a motor vehicle held in trust could defeat the trustee's powers because it does not become property of the bankruptcy estate.

A bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). But under 11 U.S.C. § 541(d):

> Property in which the debtor holds, as of the commencement of the case, *only legal title and not an equitable interest*, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, *becomes property of the estate* under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, *but not to the extent of any equitable interest in such property that the debtor does not hold*.

11 U.S.C. § 541(d) (emphasis added). To determine the nature and extent of the debtors' interest in the vehicle under § 541(d), the court must look to state law. *See Rent–A–Center East, Inc. v. Leonard (In re WEB2B Payment Sols., Inc.)*, 815 F.3d 400, 405 (8th Cir. 2016).

The debtors concede no express trust exists. They contend a resulting trust should be recognized because Ms. Torres paid for the vehicle. Nebraska law recognizes resulting trusts.

> Where a transfer of property is made to one person and the whole or a part of the purchase price is paid by another, a resulting trust arises in favor of the person by whom such payment is made although the payment is not made in money. The resulting trust is raised by implication of law and presumed always to have

> been contemplated by the parties, the intention as to which is to be found in the nature of their transaction, but not expressed in the deed or instrument of conveyance.

*Jirka v. Prior*, 243 N.W.2d 754, 759 (Neb. 1976). A resulting trust "arises out of, and is declared in favor of, the intent of the parties creating it. Its inception is in good faith and in furtherance of fair and honest dealing." *Hanson v. Hanson*, 111 N.W. 368, 371 (Neb. 1907). An action to declare a resulting trust is equitable in nature. *Brtek v. Cihal*, 515 N.W.2d 628, 633 (Neb. 1994).

Nebraska statutes, however, do not allow the court to recognize a resulting trust in a motor vehicle. Nebraska law is clear and unambiguous. No person shall "acquire *any right, title, claim, or interest* in or to such vehicle until the acquiring person has had delivered to him or her physical possession of such vehicle and . . . a certificate of title[.]" Neb. Rev. Stat. § 60-140(1) (emphasis added). Also, "*No court shall recognize the right, title, claim, or interest* of any person in or to a vehicle, for which a certificate of title has been issued . . . unless there is compliance with this section." *Id*. § 60-140(2) (emphasis added). "This statutory scheme is the exclusive means of transferring title." *Wolfson Car Leasing Co. v. Weberg*, 264 N.W.2d 178, 182 (Neb. 1978).

Under the plain terms of Nebraska's statute, a resulting trust is an interest in a motor vehicle this court cannot recognize. Other bankruptcy courts have refused to recognize resulting trusts under similar circumstances and statutes. *See e.g., In re Bierman*, 133 B.R. 484, 486 (Bankr. N.D. Iowa 1991) (holding the titling statutes "prohibit the court from considering the establishment of a resulting trust where the claimant has failed to obtain placement of his name on the title."); *In re Caddarette*, 362 B.R. 829, 837 (Bank. N.D. Ohio 2006) (refusing to recognize undisclosed trusts in motor vehicles, holding the titling statute "requires that for such an interest to prevail over that of a rival claimant in the vehicle, the existence of the trust must be disclosed in the certificate of title.").

The debtors rely upon a bankruptcy case from the Northern District of Georgia to support their claim that a resulting trust can be imposed on a motor vehicle. *See Matter of McBarnette*, 173 B.R. 248 (Bankr. N.D. Ga. 1994). However, the Georgia bankruptcy court's decision was based upon a Georgia statute that recognized resulting trusts in property:

> A resulting trust is a trust implied for the benefit of the settlor or the settlor's successors in interest when it is determined that the settlor did not intend that the holder of the legal title to the trust property also should have the beneficial interest in the property, [if a] purchase money resulting trust as defined in subsection (a) of Code Section 53-12-92 is established.

Ga. Code Ann. § 53-12-91 (West 1991, repealed in 2010). Nebraska has no such statute. In addition, under Georgia law, a certificate of title is only "prima-facie evidence of the facts appearing on it". Ga. Code Ann. § 40-3-24(c) (West 2021). The owner's name listed on the title is a fact within the meaning of the statute. *See Thornton v. Alford*, 145

3

S.E.2d 106, 108 (Ga. Ct. App. 1965). Taken together, the two statutes supported a resulting trust in a motor vehicle under Georgia law. Nebraska law does not.

Even if the court could recognize a resulting trust, the debtors have not met their burden to establish it. The burden is on the person claiming the resulting trust exists to establish the facts upon which it is based. *Brtek v. Cihal*, 515 N.W.2d at 640. The evidence must be clear and convincing. *Id.* Clear and convincing evidence "produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved". *Id.* "A resulting trust will not be declared upon doubtful and uncertain grounds." *Biggerstaff v. Ostrand*, 261 N.W.2d 750, 754 (Neb. 1978).

The debtors filed for bankruptcy on September 8, 2020. The vehicle remained titled in their names for almost eight months before the filing. After a year and three months, Ms. Torres has never possessed or used the vehicle. There is no evidence as to who, if anyone, has used the vehicle. There is no evidence as to who pays to insure and maintain the vehicle. The vehicle is held by a third party, but it is not clear when it was sent to the third party. These issues alone make the existence of a trust uncertain.

The exact date and terms of the Torres' agreement regarding the funds are not in evidence. The agreement appears to be between Mr. Torres and his sister. As such, it is not clear why both debtors signed the Retail Installment Sale Contract or why both of debtors' names are on the title. The debtors executed the Retail Installment Sale Contract on January 21, 2020. The debtors were contractually obligated to purchase the vehicle six days before Ms. Torres wired funds. Although Ms. Torres paid monthly payments on the vehicle, only the debtors, and their bankruptcy estate, are obligated to the financing company. The court does not have a firm belief or conviction that a resulting trust was created at the time the transaction occurred.

IT IS THEREFORE ORDERED that the trustee's motion for turnover of the motor vehicle is GRANTED.

Dated: April 29, 2020

BY THE COURT:

/s/ Brian S. Kruse
Bankruptcy Judge

Notice given by the Court to:
\* James Overcash
Patrick Patino
U.S. Trustee

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.